UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-21-90-R** |
| | ) | |
| **MARKUS LANOR BRYANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Before the Court is Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 42] and Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 44]. The United States responded in opposition [Doc. No. 46] and both motions are now at issue.

## *Background*

Defendant entered a plea of guilty [Doc. Nos. 21, 22] to a Superseding Information [Doc. No. 20] charging him with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). At Defendant's sentencing hearing, the Court adopted the presentence investigation report released by the United States Probation Office, which recommended a total offense level of 34, a criminal history category of VI, and a guideline range of 262 to 387 months imprisonment.[1] *See* Doc. No. 30. The Court varied downward and sentenced Defendant to a 120-month term of

[1] The guideline range included a 60-month, consecutive term of imprisonment required for Count 2.

imprisonment as to Count 1 and a 60-month term of imprisonment as to Count 2, to be served consecutively. Defendant now moves for a sentence reduction under two different statutory provisions. Each is addressed in turn.

***Motion for Sentence Reduction Under § 3582(c)(2)***

Section 3582(c)(2) "establishes an exception to the general rule of finality 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)).

The statute requires "a two-step inquiry." *Id.* "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Here, Defendant moves for a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines. Part A of Amendment 821 amended the sentencing guidelines by reducing the number of "status points" assigned to a defendant to one if the defendant has seven or more criminal history points and reducing the number to zero if the defendant has fewer than seven criminal history points. Part B of Amendment 821 amended the sentencing guidelines by reducing the offense levels for certain defendants with zero

criminal history points. However, Part A does not apply to Defendant because he did not receive any status points and Part B does not apply because he had more than zero criminal history points. Defendant's criminal history category is based on his status as a career offender, rather than his criminal history score. Accordingly, Defendant does not qualify for a sentence reduction under Amendment 821. However, even if Defendant was eligible, his request for a sentence reduction would fail at step two of the inquiry, because, as explained further below, a reduction in Defendant's sentence would not adequately serve the factors outlined in § 3553.

***Motion for Sentence Reduction Under § 3582(c)(1)(A)***

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must fully exhaust his administrative remedies before seeking relief in the district court:

> [U]pon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . [a district court] may reduce a term of imprisonment . . . ."

18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is a "mandatory claim-processing rule" that must be enforced when invoked by the government. *United States v. Hemmelgarn,* 15 F.4th 1027, 1030 (10th Cir. 2021).

Defendant's motion concedes that he did not submit a require for compassionate release to the warden and the United States contends that the staff at Defendant's facility have no record of a request. Defendant has therefore failed to establish that he exhausted his administrative remedies prior to filing his motion.

But even assuming Defendant fully exhausted his administrative rights, the Court would nevertheless find that the motion fails on the merits. Section 3582(c)(1)(A) permits courts to modify a term of imprisonment only if three requirements are met:

> (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021).

As to the first element, Defendant has not established that extraordinary and compelling reasons warrant a reduction. An extraordinary and compelling reason is one that is "especially unusual and convincing," *Rutherford v. United States*, 146 S. Ct. 1320, 1330 (2026), and can include a serious medical or physical impairment. *See* U.S.S.G. 1B1.13(b)(1). Defendant asserts that he has a serious physical or medical condition, but he provides no explanation of his condition or evidence in support. Defendant has therefore not met his burden to prove an extraordinary and compelling reason is present. *See United States v. Billings*, No. 19-CR-00099-REB, 2020 WL 4705285, at *2 (D. Colo. Aug. 13, 2020) ("It is [defendant's] burden to prove extraordinary and compelling reasons warrant a sentence reduction.").

As to the third element, the Court finds that a reduction in Defendant's sentence would not adequately serve the factors outlined in 18 U.S.C. § 3553. The offense conduct involved a significant amount of controlled substances and possession of firearms and Defendant has several prior convictions. Further reducing Defendant's below-guidelines sentence would not properly reflect the seriousness of the offense conduct, provide

adequate deterrence or just punishment, promote respect for the law, or protect the public. Additionally, Defendant's disciplinary record while incarcerated counsels against a sentence reduction.

Accordingly, Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 42] is dismissed and Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Doc. No. 44] is dismissed or, in the alternative, denied.

IT IS SO ORDERED this 9th day of November, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE